

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00021-CV

BRUCE BERG, STUART CARTNER, KEVIN DOYLE, WALTER HAYDOCK,
EDWARD LEH, KEVIN MURPHY, PHILIP SCHANTZ, DAIS PARTNERS, L.P.,
SINGER BROS., L.L.C., SKELETON LAKE, L.L.C., AND
WILDCAT LAKE PARTNERS, Appellants

V.

HALO COMPANIES, INC., HALO ASSET MANAGEMENT, L.L.C.,
HALO PORTFOLIO ADVISORS, L.L.C., B. CADE THOMPSON,
PAUL WILLIAMS, REIF CHRON, TONY CHRON, HALO ASSET MANAGEMENT
GENPAR II, LLC, AND HALO GROUP, INC., Appellees

On Appeal from the 191st District Court
Dallas County, Texas
Trial Court No. DC-11-15415

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

This Court was previously notified that the parties to this appeal were subject to an order entered by a United States district court in a separate action directing them not to further pursue this separate litigation.[1]  As a result of that bar order, the Appellants asked this Court to abate their appeal pending a final determination by the federal courts on the propriety of pursuing this litigation.  By our order dated September 16, 2014, we suspended the appeal and, for administrative purposes, abated the case and treated it as closed.  Our previous order stated, "Any party may seek reinstatement by promptly filing a motion with an attached certified copy of the order showing that the injunction or order of the federal court no longer restricts pursuit of this litigation . . . ."  The parties recently notified this Court that the federal court's order barring them from pursuing this appeal is now final.  Accordingly, we simultaneously reinstate and dismiss this appeal.

                                        Bailey C. Moseley
                                        Justice

Date Submitted:      November 5, 2015
Date Decided:        November 6, 2015

---

[1]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  We are unaware of any conflict between precedent of the Fifth Court of Appeals and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.3.